**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ruby L. Kumar | : | CASE NO. |
| 1622 Cohassett Ave. | | |
| Lakewood, OH 44107 | : | |
| | | |
| Plaintiff, | : | JUDGE |
| | | |
| -vs- | : | **PLAINTIFF KUMAR'S COMPLAINT** |
| | | |
| Michael Molinski, in his official capacity | : | |
| City Architect & Building Commissioner | | |
| City of Lakewood | : | |
| 12650 Detroit Ave. | | |
| Lakewood, OH 44107 | : | |
| | | |
| Patricia Patterson | : | |
| RE/MAX Crossroads – Patterson Team | | |
| Beachcliff Market Square | : | |
| 19322 Detroit Rd. | | |
| Rocky River, OH 44116 | : | |
| | : | |
| Defendants. | | |

\* \* \* \* \*

Now comes Plaintiff, Ruby L. Kumar ("Plaintiff Kumar"), by and through counsel, with claims against Michael L. Molinski, in his official capacity as the City Architect & Building Commissioner for the City of Lakewood, Ohio ("Defendant Lakewood") and Patricia Patterson ("Defendant Patterson").

## INTRODUCTION AND THE PARTIES

1. This is a Constitutional and civil rights action brought under the U.S. Constitution and 42 U.S.C. § 1983 against Defendant Lakewood, with a supplemental Ohio state law claim against Defendant Patterson.

Mulhall Law, LLC

2. Plaintiff Kumar is an African-American citizen of the United States, owning and residing at the home with address numbers 1622 and 1624 on Cohassett Ave. in Lakewood, OH 44107.

3. Defendant Lakewood is a municipal corporation of the State of Ohio, with its principal offices located at 12650 Detroit Ave., Lakewood, OH 44107.

4. Defendant Patterson is an individual with her principal place of business located at Beachcliff Market Square, 19322 Detroit Road, Rocky River, Ohio 44116.

### VENUE, PERSONAL JURISDICTION AND PROCEDURAL REQUIREMENTS

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff Kumar is alleging claims that arise under the laws and Constitution of the United States.

6. Jurisdiction is proper in the Court under 28 U.S.C. § 1343 because it has original jurisdiction to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

7. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the entire action before the Court compromises one civil rights case, and the claims arise out of the same common nucleus of facts and are such that Plaintiff Kumar would ordinarily be expected to try them in one judicial proceeding.

8. This Court has authority to award attorney fees pursuant to 42 U.S.C. § 1988.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because it is the federal district court for the district, division and county within which both Defendants reside and is where the facts giving rise to this lawsuit took place.

Mulhall | Law, LLC

## GENERAL ALLEGATIONS

10. Plaintiff Kumar closed on the purchase of her home at 1622-1624 Cohassett Ave. in Lakewood, OH (the "Home") on or about December 28, 2006.

11. The Home was built in 1915 with a third floor.

12. At the time that Plaintiff Kumar purchased her Home, the property had a total of 5 bedrooms and 3 full bathrooms as evidenced by attached *Exhibit A*.

13. At the time that Plaintiff Kumar purchased her Home, the property was listed with the following remarks: "New Electrical Panel! [. . .] 3rd Flr Is Finished & Has Newer Windows & New Bathrm! Range & Refrigerator Stays in Every Kitchen!" *Id.*

14. Plaintiff Kumar has rented the second unit of her home on and off over a period of time since purchasing the Home.

15. In order about July 2017, Plaintiff Kumar signed a contract with Defendant Patterson to list her finished third floor room for rent (the "Rental").

16. In or about July 2017. Defendant Patterson came to Plaintiff Kumar's home and took pictures and posted an online listing to advertise the Rental.

17. In or about July 2017, Defendant Patterson did not state that she had any concerns about listing the Rental.

18. On August 22, 2017, without notice to Plaintiff Kumar, Defendant Patterson reported her own listing of the Rental in an online complaint sent to the Division of Housing and Building for Lakewood, Ohio, which was forwarded to Property Maintenance Inspector Mary Simon. *Exhibit B*.

19. Officials from the City of Lakewood, including Mary Simon, knew Plaintiff Kumar by name at the time this complaint was filed as a result of prior interactions.

Mulhall Law, LLC

20. On August 28, 2017, Mary Simon left a recorded voicemail message with Defendant Patterson stating: "No, there's a lot of questions on this one, I saw the pictures online.  No she cannot rent out that third floor.  That is a totally illegal third floor and I am going to be sending Ruby Kumar a letter about that[!  . . .] And last time we were in the house before Ruby bought it, the third floor was unfinished[.]"

21. On August 30, 2017 Mary Simon sent a Correction Notice, Complaint Number CN17-017455, to Plaintiff Kumar stating that there was a "VISUAL INSPECTION" performed on August 28, 2017 when, in fact, no such visual inspection was ever performed by her at the property.  *Exhibit C* at 1.

22. The Correction Notice further stated that Plaintiff Kumar was to "Remove unapproved dwelling unit from third floor" within less than 4 weeks and that she faced "fines and/or prosecution" in the event that she failed to comply by the reinspection date.  *Id.*

23. The Correction Notice provided no option to appeal or dispute the supposed findings of the "visual inspection" performed by Mary Simon.  *See*, *Exhibit C*.

24. The Correction Notice also offered an option for Plaintiff Kumar to apply for financial assistance through the City of Lakewood to fund the demolition work.  *Exhibit C* at 1, 3.

25. As soon as Plaintiff Kumar received the Correction Notice in the mail, she called Mary Simon and recorded that phone conversation (the "Phone Call").

26. During the Phone Call, Mary Simon stated "there can't be a bathroom up there [. . .] there can't be anything like that."

27. During the Phone Call, Plaintiff Kumar reiterated that the third floor was finished when she purchased the home; however, Mary Simon repeatedly stated "that's totally illegal" and

4

Mulhall | Law, LLC

threatened Plaintiff Kumar about payment of back-taxes: "wow there has to be a lot of changes [. . .] probably a lot of back taxes too[.]"

28. During the Phone Call, Mary Simon stated: ". . . well you could always go buy another house, I mean, that's a lot of money too; but whatever you want to do Ruby, but that's the law [. . .] and it's been that way forever--since it was built."

29. Mary Simon ended the Phone Call again stating that Plaintiff Kumar had to demolish the third floor: "[. . .] well, whatever, it can't be a dwelling unit on the third floor, so that's all I can tell you [. . .] the kitchen would have to come out and the bathroom has to come out of the third floor [. . .] Okay Ruby, good luck, I'll be over whenever the reinspection date is on that letter. [. . .] Keep in touch, dear."

30. Following the Phone Call, Plaintiff Kumar engaged private counsel.

31. In response to a Plaintiff Kumar's private counsel's request for clarification regarding what, specifically, the City of Lakewood was requesting from Plaintiff Kumar in connection with the Correction Notice, Michael Molinski, the City Architect & Building Commissioner issued a letter to Plaintiff Kumar, citing Lakewood City Ord. 1103.02, stating (contrary to the enforcement demands made by Mary Simon on the Phone Call) that "removal of the kitchen cabinets and appliances from the third floor would satisfy the correction notice issued 8/30/2017." *Exhibit D*.

32. Defendant Lakewood's enforcement of the meaning of "dwelling" unit has, within a very short window of time, been intentionally referenced by city officials in connection with demands regarding rental control, construction permits, demolition permits, placement of personal property within a home, placement of bathrooms within a home, removal of built-in cabinets, threats for payment of back property taxes and criminal enforcement.

Mulhall Law, LLC

33. Lakewood's city ordinances define a "dwelling" as "any building or part thereof designated, used, or intended to be used by people for living or sleeping." Lakewood City Ord. 1103.02(dd-1).

34. Lakewood's city ordinances define a "dwelling unit" as "an enclosed space within a building having a unique entrance and consisting of one (1) or more living and/or sleeping rooms arranged contiguously with cooking and sanitary facilities, which are not accessible from a common or public area, maintained or designed to be occupied by a single family." Lakewood City Ord. 1103.02(dd-2).

35. Lakewood's city ordinances define a "dwelling, two-family" as a "detached building arranged, intended, designed, or redesigned as two (2) separate independent dwelling units, each such unit to have separate and independent front and rear entrances." Lakewood City Ord. 1103.02(ff).

36. Lakewood's city ordinances define a "dwelling, three-family" as a "detached building arranged, intended, designed, or redesigned as three (3) separate and independent dwelling units, each such unit to have separate and independent front and rear entrances." Lakewood City Ord. 1103.02(gg).

37. Neighboring property owners of Plaintiff Kumar, also in Lakewood, OH, routinely rent out the third floors of their properties without this type of abusive and targeted government enforcement and without paired threats of payment of back taxes, the suggestion to just "move out," or demands to wastefully demolish their own property under the threat of criminal prosecution.

Mulhall Law, LLC

38. An active Airbnb listing in an upscale western portion of Lakewood, also not zoned multi-family, advertises a "space on the third story" along with a bathroom and kitchen, with a long rental history and pictures of a small kitchen and bathroom. *Exhibit E*.

## COUNT I – 42 U.S.C. § 1983: 14th AMENDMENT SUBSTANTIVE DUE PROCESS AGAINST DEFENDANT LAKEWOOD

39. Plaintiff Kumar re-alleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs as if fully rewritten.

40. At all times relevant herein, Defendant Lakewood and its officials acted under the color of State law in keeping with its customs, policies and practices.

41. Plaintiff Kumar is the owner of the Home and has substantial real property rights therein.

42. Defendant Lakewood's arbitrary and targeted enforcement of Lakewood City Ordinance 1103.02, *et seq.* against Plaintiff Kumar, as applied or threatened to be applied, violates her substantive due process and property rights secured by the Fourteenth Amendment to the United States Constitution, under the Civil Rights Act, 42 U.S.C. § 1983.

## COUNT II – 42 U.S.C. § 1983: 14th AMENDMENT PROCEDURAL DUE PROCESS AGAINST DEFENDANT LAKEWOOD

43. Plaintiff Kumar re-alleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs as if fully rewritten.

44. Defendant Lakewood's arbitrary and targeted enforcement of Lakewood City Ordinance 1103.02, *et seq.* against Plaintiff Kumar, as applied or threatened to be applied, without notice and without a meaningful opportunity to appeal free from the threat of criminal citation, violates Plaintiff Kumar's Constitutional procedural due process rights secured by the Fourteenth Amendment to the United States Constitution.

Mulhall Law, LLC

45. Plaintiff Kumar has been harmed and/or is threatened with immediate harm as a result of Defendant Lakewood's deprivation of her Constitutionally-protected procedural due process rights, under the Civil Rights Act, 42 U.S.C. § 1983.

## COUNT III – 42 U.S.C. § 1983: EQUAL PROTECTION
## AGAINST DEFENDANT LAKEWOOD

46. Plaintiff Kumar re-alleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs as if fully rewritten.

47. Plaintiff Kumar is a member of a protected class.

48. African-Americans have, in the past, encountered housing discrimination based on race in the City of Lakewood.

49. Defendant Lakewood's arbitrary and targeted enforcement of Lakewood City Ordinance 1103.02, *et seq.* against Plaintiff Kumar, as applied or threatened to be applied, without similar enforcement against wealthier and non-minority citizens is a violation of her Constitutional right to equal protection under the law, under the Civil Rights Act, 42 U.S.C. § 1983.

## COUNT IV – UNCONSTITUTIONAL VAGUENESS
## AGAINST DEFENDANT LAKEWOOD

50. Plaintiff Kumar re-alleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs as if fully rewritten.

51. The use of the term "dwelling" as drafted into sections 1103.02(dd-1)-(hh) in the Codified Ordinances of the City of Lakewood fosters arbitrary and discriminatory enforcement on its face.

Mulhall Law, LLC

52. The use of the term "dwelling" as drafted into sections 1103.02(dd-1)-(hh) in the Codified Ordinances of the City of Lakewood fosters arbitrary and discriminatory enforcement as applied against Plaintiff Kumar.

53. Sections 1103.02(dd-1)-(hh) are unconstitutionally vague on their face and as applied to Plaintiff Kumar.

## COUNT V – BREACH OF FIDUCIARY DUTY R.C. § 4735.51, et seq.
## AGAINST DEFENDANT PATTERSON

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-38 as if fully rewritten herein.

55. Defendant Patterson owed Plaintiff Kumar *common-law* agency fiduciary duties of loyalty and care to Plaintiff Kumar as set forth in R.C. § 4735.52 pursuant to the real estate agency contract that was entered into between Plaintiff Kumar and Defendant Patterson.

56. Defendant Patterson owed Plaintiff Kumar *statutory* fiduciary duties to Plaintiff Kumar under R.C. § 4735.62 pursuant to the real estate agency contract that was entered into between Plaintiff Kumar and Defendant Patterson.

57. Defendant Patterson owed a fiduciary duty to exercise reasonable skill and care in representing Plaintiff Kumar in carrying out the responsibilities of her agency relationship under R.C. § 4735.62(A).

58. Defendant Patterson owed a fiduciary duty of loyalty to Plaintiff Kumar, to perform her duties in a manner that is loyal to the interests of the client under R.C. § 4735.62(D).

Mulhall Law, LLC

59. Defendant Patterson owed a fiduciary duty to Plaintiff Kumar to disclose any material facts to Plaintiff Kumar of which Defendant Patterson was aware or should have been aware in the exercise of reasonable skill and care under R.C. § 4735.62(F).

60. Defendant Patterson breached her fiduciary duties to Plaintiff Kumar when she failed to inform her client that there was a question as to the legality of the listing of her finished third floor prior to filing a complaint against her own client with the City of Lakewood.

61. Defendant Patterson breached her fiduciary duties to Plaintiff Kumar when she took affirmative action contrary to her client's interests by filing a complaint with the City of Lakewood against her own client.

62. Plaintiff Kumar has been damaged, and faces future damages, as a result of Defendant Patterson's breach of her fiduciary duties.

WHEREFORE, Plaintiff Kumar prays that this Court:

As to Counts 1 – 4 against Defendant Lakewood:

  (A) Enter a judgment against Defendant Lakewood;
  (B) Issue a declaratory judgment declaring the acts of Defendant Lakewood to be a violation of Plaintiff Kumar's constitutional rights of substantive due process, procedural due process and equal protection;
  (C) Issue a declaratory judgment that the provisions of Lakewood Municipal Code sections 1103.02(dd-1)-(hh) are unconstitutional on their face;
  (D) Issue a declaratory judgment that the provisions of Lakewood Municipal Code sections 1103.02(dd-1)-(hh) are unconstitutional as enforced and as applied;

  (E) Issue an injunction against Defendant Lakewood preventing it from forcing Plaintiff Kumar to demolish her third floor and evict a tenant;

  (F) Award Plaintiff Kumar costs, interest and reasonable attorney fees for this action;

  (G) Order such other and further relied as the Court deems just and proper.

As to Count 5 against Defendant Patterson:

  (A) Enter judgment against Defendant Patterson;

  (B) Award compensatory damages in amounts that will fully and fairly compensate Plaintiff Kumar for her injury, damage, loss and expenses;

  (C) For punitive damages in an amount that will sufficiently punish and deter Defendants' wrongful misconduct;

  (D) For attorney fees and costs of suit;

  (E) For equitable and such other relief as the Court deems just.

DATED: September 25, 2017

           Respectfully Submitted,

          */s/ Brian Mulhall*
          Brian C. Mulhall (#0092673)
          Mulhall Law, LLC
          8180 Brecksville Rd., Suite 205
          Brecksville, Ohio 44141
          P: (216) 586-4278
          F: (440) 628-3165
          Email: Brian@MulhallOhioLaw.com
          Attorney for Plaintiff, Ruby Kumar

Mulhall | Law, LLC

## **JURY DEMAND**

A trial by jury is hereby demanded in this case with the maximum number of jurors allowed by law.

Respectfully Submitted,

*/s/ Brian Mulhall*
Brian C. Mulhall (#0092673)
Mulhall Law, LLC
8180 Brecksville Rd., Suite 205
Brecksville, Ohio 44141
P: (216) 586-4278
F: (440) 628-3165
Email: Brian@MulhallOhioLaw.com
Attorney for Plaintiff, Ruby Kumar